# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE HOLLIS, | CASE NO. 1:11-cv-00748-AWI-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| DR. LAIRD, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

I.   **Screening Requirement and Standard**

Plaintiff Michael Eugene Hollis, a federal prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 10, 2011. 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic

1

Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)) (quotation marks omitted).  While a plaintiff's allegations are taken as true, courts are not required to indulge unwarranted inferences. Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.  Plaintiff's Claims

### A.  Summary of Allegations

Plaintiff, a federal prisoner currently incarcerated at Big Spring Federal Correctional Institution in Big Spring, Texas, brings this section 1983 action against Sheriff Margaret Mims, Dr. John Laird, Commander John or Jane Doe, and other unspecified Doe defendants for violating his rights while he was detained at the Fresno County Jail pending criminal proceedings in the Eastern District of California.  Plaintiff also names Russell Yorke with the United States Marshals Service as a defendant.[1]  Plaintiff seeks both injunctive relief and damages for the violation of his rights.

Plaintiff arrived at the Fresno County Jail on August 19, 2008, as a pretrial detainee and he began experiencing problems with intestinal irregularity.  On August 28, 2008, Plaintiff bought Metamucil, an over-the-counter (OTC) laxative, from the commissary, but despite taking both packets at once, his problem persisted and on August 29, 2008, he submitted a sick call slip seeking

///

---

[1] Misidentified as York in the complaint.

2

medical care. Plaintiff had surgery in 2004 to remove an anal fistula which was half in and half out of his body, and that old wound became aggravated and began bleeding and causing him great pain.

Plaintiff submitted sick call slips until September 4, 2008, when he filed a grievance alerting jail staff to his previous fistula surgery and stating he had been constipated for six days and his bowels were locked and bleeding. (Comp., court record p. 17.) Plaintiff identified the lack of a laxative as the problem. (Id.)

On September 4, 2008, Plaintiff tried to buy milk of magnesia from the commissary, as he had been directed to do by jail nurses, but it was out of stock. Extremely distressed, Plaintiff continued to submit sick call slips and complain to the nurses about the denial of the common OTC medication. Plaintiff was suffering from pain, sharp cramps, bloating, rectal bleeding, and loss of sleep. Plaintiff alleges that the jail's written policy does not address the situation faced by Plaintiff where inmates are expected to and directed to purchase an OTC medication for a medical need, but it is out of stock. Plaintiff alleges that the availability of commissary supplies is hit-or-miss by the week.

Plaintiff's condition continued to worsen until a correctional officer took Plaintiff to the front of the late night sick call line on September 7, 2008, informed the nurse Plaintiff had not had a bowel movement in ten days, and asked if Plaintiff could be helped. The nurse provided Plaintiff with four doses of milk of magnesia, had Plaintiff drink warm water for a while, and sent Plaintiff back to his housing unit. Plaintiff was able to relieve himself shortly thereafter.

### B.  Denial of Medical Treatment

#### 1.  Legal Standard

Pretrial detainees are protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, pretrial detainees' conditions-of-confinement claims have long been analyzed using the Eighth Amendment standard. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Under that standard, to maintain

his claim based on medical care in jail, Plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires Plaintiff to show (1) a serious medical need by demonstrating that failure to treat his condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

### 2. Defendants Mims, Laird, and Doe Commander

#### a. Objective Element

The existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994). Under the specific circumstances alleged, the Court finds that Plaintiff has sufficiently pled a serious medical need.

#### b. Subjective Element

Plaintiff must also show that Defendants acted with deliberate indifference. A complete denial of medical care is not required to show deliberate indifference, Lopez, 203 F.3d at 1132, and prisoners must be able to make their medical needs known to staff who are competent to deal the problem, Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), *abrogated in part on other grounds by* Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Where a prisoner has a serious medical need and he is directed by staff to purchase an OTC medication to address that need, but the medication is unavailable for purchase, the Eighth Amendment can be implicated. Thus, Plaintiff's allegation that his sick call slips were ignored and nurses continued to direct him to the commissary to purchase milk of magnesia despite its unavailability, coupled with his allegation that this led him to needlessly suffer pain and bleeding for ten days, will support a claim.

4

1    However, under section 1983, Plaintiff must link the named defendants to the participation
2 in the violation at issue. Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21;
3 Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930,
4 934 (9th Cir. 2002).  Liability may not be imposed on supervisory personnel under the theory of
5 *respondeat superior*, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235, and as
6 administrators, Defendants Mim, Laird, and the Doe Commander may only be held liable if they
7 "participated in or directed the violations, or knew of the violations and failed to act to prevent
8 them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202,
9 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v.
10 Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick,
11 126 F.3d 1189, 1204 (9th Cir. 1997).  Some culpable action or inaction must be attributable to
12 Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy,
13 as alleged here, may support a claim, the policy must have been the moving force behind the
14 violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman
15 v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642,
16 646 (9th Cir. 1989).

17    Requiring inmates to purchase certain OTC medication from the commissary is neither
18 unconstitutional on its face nor the moving force behind the violation alleged.[2]  Although Plaintiff
19 claims the policy violated his rights because it did not address situations where OTC medications
20 were unavailable, there is simply no obvious link between the problem encountered by Plaintiff and
21 the policy itself.  Plaintiff had the right to medical care and directing Plaintiff to purchase OTC
22 medication that was in fact unavailable did not suffice to discharge the duty to provide care.
23 However, Plaintiff must link the knowing disregard of an excessive risk of harm to his health to one
24 or more named defendants.  This requires a showing that jail officials failed to provide Plaintiff with
25 medical treatment other than directing him to the commissary despite knowing, or being placed on

---

[2] The policy specifically provides that inmates will not be denied medical care due to lack of funds, and Plaintiff's point of contention with the policy is that the item he needed was not in stock, not that he could not afford the item. (Comp., court record p. 20.)

5

notice, that Plaintiff could not obtain the necessary product to care for his needs. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Here, Plaintiff's allegations fall short of establishing the requisite culpability needed to state a plausible claim for relief. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

The Court will provide Plaintiff with the opportunity to file an amended complaint curing these deficiencies.

### 3. Defendant Yorke

Plaintiff also names Russell Yorke as a defendant in this case, but his complaint is devoid of any allegations linking Yorke, a federal actor, to a violation of his rights. While federal officers may be held liable for damages for the violation of an inmate's constitutional rights, Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 66, 122 S.Ct. 515 (2001); Bivens, 403 U.S. at 91, there is no *respondeat superior* liability under Bivens, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948. The fact that Plaintiff was in the custody of the United States Marshals Service does not allow for the imposition of liability on Marshals Service officials for the conduct of jail officials, absent the requisite linkage described in the preceding subsection. Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49.

### C. Retaliation

Plaintiff also generally alleges retaliation against him for filing grievances. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Here, although Plaintiff had a protected right to file grievances, there is no support for a claim that any named defendant took adverse action against him *because of* the exercise of this right.

### D. Injunctive Relief

In addition to damages, Plaintiff seeks an injunction mandating that the Fresno County Jail provide OTC medications to inmates in its regular pill lines. Because Plaintiff is no longer

1 incarcerated at the Fresno County Jail, he lacks standing to seek injunctive relief, Summers v. Earth
2 Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Lujan v. Defenders of Wildlife, 504
3 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir.
4 2010), and he is further precluded from seeking any such relief by 18 U.S.C. § 3626(a)(1)(A), which
5 restricts prospective relief to that which is narrowly drawn and extends no further than necessary to
6 correct the violation at issue.  Therefore, this action may proceed only as one for damages.

**III.     Conclusion and Order**

Plaintiff's complaint fails to state any claims under section 1983 or Bivens.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

///

1  3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

2  4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **March 21, 2012**                      /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE