# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE HOLLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. LAIRD, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:11-cv-00748-AWI-SKO (PC)<br><br>SECOND SCREENING ORDER DISMISSING AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH SCREENING ORDER AND FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8(A)<br><br>(Doc. 13)<br><br>THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

### Second Screening Order

Plaintiff Michael Eugene Hollis, a federal prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983; *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971); and the Federal Tort Claims Act on May 10, 2011.

On March 22, 2012, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. 28 U.S.C. § 1915A. Plaintiff's complaint was twenty-six pages in length, including ten pages of exhibits, and his claims arose out of inadequate medical care for his constipation while he was housed at the Fresno County Jail.[1]  The Court found that Plaintiff had

---

[1] Plaintiff was also provided with the legal standard for First Amendment retaliation claims, in light of his general assertions of retaliatory conduct.

alleged a sufficiently serious medical condition but he failed to link any named defendant to the failure to provide appropriate medical care. Plaintiff was granted leave to amend and he was warned not to add new, unrelated claims in his amended complaint.

Despite receiving a clear screening order placing him on notice of the deficiencies in his claims, providing him with the applicable legal standards, and notifying him of the constraints governing his amended complaint, Plaintiff filed a one-hundred forty-seven page amended complaint. In addition to adding numerous new, unrelated claims in contravention of the screening order, Plaintiff also added claims which are barred by the doctrine of res judicata.[2,3] *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005).

Plaintiff's amended complaint also violates Federal Rule of Civil Procedure 8(a), which provides for a short and plain statement of the claim. Plaintiff is warned that the repeated failure to file a pleading that conforms with Rule 8(a) is grounds for dismissal of the action for failure to state a claim and that such dismissals count as strikes under 28 U.S.C. § 1915(g).[4] *Knapp v. Hogan*, 738 F.3d 1106, 1110-11 (9th Cir. 2013).

Plaintiff's inexplicable decision to expand his complaint from twenty-six pages to one-hundred forty-seven pages, in direct contravention of the screening order, lacks any good faith basis. Furthermore, Plaintiff's attempt to re-litigate claims which he knows were dismissed with prejudice for failure to state a claim constitutes bad faith conduct. These litigations tactics will not be tolerated.

///

---

[2] It has not escaped the Court's attention that some of the claims added in the amended complaint were raised and abandoned by Plaintiff in a separate civil action. *Hollis v. Shumate*, 1:11-cv-00747-AWI-GBC (PC). The pendency of this action does not serve as a proverbial kitchen sink where Plaintiff may deposit all of his various claims arising out of his confinement at the Fresno County Jail. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "mishmash" complaints).

[3] Plaintiff's claims arise from his conditions of confinement at the Fresno County Jail between August 18, 2008, and June 16, 2009. Plaintiff is prohibited from pursuing claims against Eric Holder, Russell York, and Margaret Mims arising out of those conditions of confinement at the Fresno County Jail, as those claims were dismissed on May 9, 2012, with prejudice, in case number 1:09-cv-00463-AWI-BAM (PC). *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005).

[4] The Court takes judicial notice of the fact that Plaintiff already has one strike under section 1915(g). *Hollis v. Brookshire*, 7:94-cv-00138-OLG (W.D. Tex.).

Accordingly, the Court HEREBY ORDERS as follows:

1. Plaintiff's amended complaint is dismissed for failure to comply with the first screening order and for failure to comply with Rule 8(a);

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint with complies with the terms of the first and second screening orders;

3. Plaintiff's second amended complaint may not exceed **twenty-five (25) pages** in length;

4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed; and

5. If Plaintiff's second amended complaint fails to comply with the first and second screening orders, it may be stricken from the record or subject to dismissal, as deemed appropriate by the Court.

IT IS SO ORDERED.

Dated:   **March 25, 2014**              /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE